Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7832 | **DATE** | 9/2/2004 |
| **CASE TITLE** | In Re: Hartmarx Securities Litigation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion (Docs 97-1 & 97-2) for preliminary approval and entry of order scheduling settlement fairness hearing is granted. Enter Hearing Order in Connection With Settlement. Fairness hearing set for November 3, 2004 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 03 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | GMA | 98 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | 2004 SEP -2 PM 2:08 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: HARTMARX SECURITIES LITIGATION | ) ) ) ) Case No. 01 C 7832 **DOCKETED** ) ) Judge Kocoras    SEP 0 3 2004 ) ) Magistrate Judge Schenkier ) ) |

## HEARING ORDER IN CONNECTION WITH SETTLEMENT

Upon consideration and review of the Stipulation of Settlement dated July ___, 2004 (the "Stipulation"), executed on behalf of the Plaintiff and the Class and on behalf of the Defendants Lincoln Company LLC, The Tom James Company, Spencer Hays, and A. Robert Abboud, and upon consideration of all prior proceedings in this case, the Court hereby preliminarily approves the proposed Stipulation in this action for the purpose of scheduling a settlement fairness Hearing to determine whether the Settlement is fair, reasonable, adequate and in the best interests of the Class, to consider any objections to the Settlement, and to adjudicate an application by Lead Counsel for an award of attorneys' fees, costs and disbursements, and further ORDERS AND DECREES as follows:

1. The terms that are capitalized herein shall have the meaning ascribed to those terms in the Stipulation, unless otherwise defined herein.

2. The Settlement set forth in the Stipulation is preliminarily approved as fair, reasonable and adequate for the purpose of sending Notice to the Class of the Hearing pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure. Such Hearing is hereby scheduled to be

held before the Court on November 3, 2004, at 9:30 a.m., in Room 2541 at 219 South Dearborn Street, Chicago, Illinois, for the following purposes:

(a) to consider any objections to the proposed Settlement and to determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court;

(b) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Consolidated Amended Complaint filed herein, on the merits and with prejudice as to the Defendants;

(c) to determine whether the Plan of Allocation proposed by Lead Counsel for the proceeds of the Settlement is fair and reasonable, and in the best interests of the Class and should be approved by the Court;

(d) to consider Lead Counsel's application for an award of Attorneys' Fees and Expenses; and

(e) to rule upon such other matters as the Court may deem appropriate.

3. The Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon (the "Notice") substantially in the form attached hereto as Exhibit 1 and the Proof of Claim and Release substantially in the form attached hereto as Exhibit 2, are hereby approved. The Notice and the manner of giving notice, as set forth below, comply with the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act and due process, are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

4. Plaintiff's Lead Counsel shall cause the Notice and Proof of Claim, substantially in the form annexed hereto, to be mailed, by first class mail, postage prepaid, not later than 20

days from the date hereof, to all Class Members who can be identified with reasonable effort by Plaintiff's Lead Counsel. Plaintiff's Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased shares of Hartmarx common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed to forward within seven (7) business days of receipt of the Notice and Proof of Claim copies of those documents to their beneficial owners or to provide Plaintiff's Lead Counsel with lists of the names and addresses of the beneficial owners, and Plaintiff's Lead Counsel is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice and Proof of Claim shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, for the reasonable expense actually incurred in sending the Notice and Proof of Claim to beneficial owners, if such expense requests are received by Plaintiff's Lead Counsel with proper documentation prior to making distributions to the Class. Plaintiff's Lead Counsel shall, at or before the Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

5. This Court reserves the right to adjourn the final approval Hearing, or any adjournment thereof, without any further notice other than an announcement at or in advance of the Hearing or any adjournment thereof. The Court further reserves the right to approve the proposed Settlement with modifications, if any, as may be agreed upon by the parties and without further notice to Class Members.

6. Any Class Member may appear at the Hearing in person, or through duly authorized counsel of his, her or its choice, and show cause, if any, why the proposed Settlement is not fair, reasonable and adequate, why the Final Judgment contemplated by the Settlement

should not be entered, why the Plan of Distribution should not be approved, and/or why the application for attorneys' fees and reimbursement of expenses, should not be approved. However, no such Person will be heard and no papers or briefs will be considered in opposition to the proposed Settlement, entry of judgment or award of attorneys' fees, unless that Person has filed the following documents with the Clerk of this Court, no later than fourteen (14) days prior to the Final Approval Hearing, showing due proof of service, by hand or by first class mail, postage prepaid, on Lead Counsel and on the Defendants' Counsel as designated in the Notice: a written objection, any supporting memoranda or other papers and information, and a written statement signed by the objector and setting forth (a) the name, address, and telephone number of the objector; (b) providing any documents the objector wishes to submit in support of the objection; and (c) providing proof of membership in the Class in the form of broker's confirmation slips, broker account statements, an authorized statement from a broker containing the transactional information found in a broker's confirmation slip, or other documents evidencing that the objector is a Class Member. Unless otherwise ordered by this Court, any Class Member who does not make timely objection in the manner provided shall be deemed to have waived such objection and shall forever by foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement, to the entry of the Final Judgment contemplated by the Settlement, or to the award of attorneys' fees and reimbursement of expenses of Lead Counsel.

7. Any Class Member who wishes monetarily to participate in the Settlement must submit a properly competed and duly executed Proof of Claim and Release in the form attached hereto as Exhibit 2. All such claims must be postmarked by November 17, 2004 and received by November 24, 2004, and must be sent to the address specified in the Proof of Claim and Release.

8. Each Class Member, by filing a claim, shall submit himself, herself or itself to the jurisdiction of this Court for purposes of this action and shall subject his, her or its claims to investigation and inquiry as to his, her or its status as a claimant and the allowable amount of his, her or its claim.

9. Pending the final determination of the fairness, reasonableness and adequacy of the proposed Settlement, no Class Member may institute or commence any Settled Class Claims against the Settling Defendants. Discovery and all other pretrial proceedings with respect to the Defendants are hereby stayed until further order of the Federal Court.

10. In order to be entitled to participate in the distribution of the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, not later than November 24, 2004. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received no later than ten (10) days after the final date for submission of Proofs of Claim. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) Proof of Claim filed by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker

confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiff's Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim, and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein. As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation as of the Effective Date.

11. Memoranda from Lead Plaintiff and Lead Counsel or Defendants in support of the Settlement and any attorneys' fees and expenses application, and in response to any objections received, must be filed by *10/29/04*

SEP - 2 2004

Charles P. Kocoras
United States District Court Judge

CHI 2990217v1

- 6 -

## EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE: HARTMARX SECURITIES LITIGATION | ) <br> ) Case No. 01 C 7832 <br> ) <br> ) Judge Kocoras <br> ) <br> ) Magistrate Judge Schenkier <br> ) |

**NOTICE OF SETTLEMENT AND**
**PROOF OF CLAIM AND RELEASE**

TO: ALL INDIVIDUALS OR ENTITIES WHO PURCHASED STOCK IN HARTMARX CORPORATION DURING THE PERIOD OF TIME COMMENCING WITH THE OPENING OF TRADING ON AUGUST 14, 2001 THROUGH AND INCLUDING THE CLOSE OF TRADING ON OCTOBER 1, 2001, AND EITHER SOLD THE STOCK AT A LOWER PRICE THAN THEIR PURCHASE COST OR STILL OWNED THE STOCK AS OF OCTOBER 1, 2001 ("CLASS MEMBERS").

**PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A CLASS ACTION AND CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS. YOU ARE A CLASS MEMBER AND YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT. THERE IS A DEADLINE FOR SUBMISSION. YOU MAY ALSO OBJECT TO THE SETTLEMENT, IN WHOLE OR IN PART, AND YOU MAY OBJECT TO CLASS COUNSEL'S REQUEST FOR ATTORNEYS' FEES AND EXPENSES.**

EXCLUDED FROM THE CLASS ARE THE DEFENDANTS, AND ANY OF THEIR AFFILIATES, ANY OF THEIR PRESENT OR FORMER OFFICERS, DIRECTORS, PARTNERS, PRINCIPALS OR EMPLOYEES, THE MEMBERS OF THE IMMEDIATE FAMILY OF ANY SUCH PERSON, AND THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS-IN-INTEREST OR ASSIGNS OF ANY SUCH EXCLUDED PERSONS OR ENTITIES.

IF YOU ARE A CLASS MEMBER, IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS, YOU MUST COMPLETE AND SIGN THE ATTACHED PROOF OF CLAIM AND RELEASE AND MAIL IT BY FIRST CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2004** TO THE SETTLEMENT ADMINISTRATOR AT THE FOLLOWING ADDRESS:

Lasky & Rifkind, Ltd., 351 W. Hubbard, Suite 406, Chicago, IL 60610

FAILURE TO SUBMIT YOUR PROOF OF CLAIM AND RELEASE BY _____, 2004 MAY SUBJECT YOUR PROOF OF CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT. ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE ABOVE ADDRESS. YOU WILL BEAR ALL RISKS OF DELAY OR NON-DELIVERY OF YOUR CLAIM. IF THE SETTLEMENT IS APPROVED, YOU WILL BE BARRED BY THE TERMS OF THE RELEASE EVEN IF YOU DO NOT FILE A PROOF OF CLAIM.

IN ORDER TO OBJECT TO THE SETTLEMENT, IN WHOLE OR IN PART, INCLUDING OBJECTION TO THE REQUEST BY CLASS COUNSEL FOR ATTORNEYS' FEES, YOU MUST FOLLOW THE INSTRUCTIONS BELOW AND MAKE A TIMELY FILING OF YOUR OBJECTION WITH THE COURT.

1. In June 2003 you were sent notice of this class action and given an opportunity to exclude yourself from this case. No Class Member excluded himself/herself/itself and the parties have now reached a settlement in the gross amount of $2 million. The purpose of this Notice of Settlement and Proof of Claim and release form is (i) to provide you with the opportunity to receive your pro rata share of the Net Settlement Fund by completing the attached Proof of Claim and release form completely, and (ii) to inform you of your right to object to any portion of the Settlement and appear at the final Hearing -- see below for those instructions. As you may recall from the prior notice sent to you in this action, the class representative alleges that Defendants committed securities fraud in an August 13, 2001 press release and certain subsequent statements made in connection with Defendants' interest in acquiring Hartmarx Corporation. Defendants deny their liability.

2. The Stipulation of Settlement is on file with the Clerk of Court and may be reviewed by you. Capitalized terms in this Notice have the same meaning as in the Stipulation.

3. Class Recovery: The proposed Settlement is in a gross amount of $2,000,000. Any attorneys' fees and expenses awarded by the Court shall be subtracted from the gross amount prior to distribution. The $2,000,000 gross amount is approximately $.50 per share, for each share held by the Class.

4. Potential Outcome: The Plaintiff and Defendants do not agree on the average amount of damages per share that could be recoverable if the Class prevailed on its claims. The parties have a fundamental disagreement on the appropriate economic model for assessing any damages. Plaintiff contends that the maximum recovery would be approximately $1.70 per share for those Class Members who purchased at the high trade price during the Class Period. The maximum recovery for purchases at lower trading prices would be less. Defendants dispute that any damages could be recovered, and alternatively argue that the amount by which Hartmarx shares were artificially inflated as a result of any claimed misrepresentation or omission by Defendants during the Class Period was minimal, at best, and that any artificial inflation was not constant through the Class Period, but diminished from a minimal amount to nothing over that period.

2

5.  <u>Attorneys Fees</u>: Class counsel will seek fees of 40% of the $2,000,000 gross settlement fund, plus reimbursement for expenses.

6.  <u>Class Representation</u>: Class members may contact Norman Rifkind at Lasky & Rifkind, Ltd., 351 W. Hubbard, Suite 406, Chicago, IL 60610, or (312-634-0057). Mr. Rifkind will answer any questions you have concerning the Notice or the Settlement.

7.  <u>Reason for Settlement</u>: Lead Plaintiff and Lead Counsel believe that the Settlement is fair, reasonable and adequate for Class Members, and in the best interests of the Class. They have reached this decision based upon a consideration of the uncertainty of outcome, both as to liability and damages and the immediate recovery available for the Class opposed to the delay and expense of securing any final resolution through continued litigation.

8.  <u>Directions to Nominees</u>: Nominee purchasers who hold Hartmarx stock as record owners but not as beneficial owners shall forward this Notice and Proof of Claim to the beneficial owners within seven days of receipt, or shall provide names and addresses of such beneficial owners to Plaintiffs' Counsel within seven days of receipt. Nominee owners may request reimbursement, through Plaintiffs' Counsel, of reasonable expenses incurred in sending the Notice and Proof of Claim to beneficial owners.

## HOW TO OBJECT AND/OR APPEAR

<u>Objections</u>: You may object to part or all of the Settlement, and/or to the request by Class Counsel for an award of attorneys' fees and expenses. To make such objections, you must file your objection with the Clerk of the Court, 219 S. Dearborn St., Chicago, IL 60604 on or before _____ and send a copy to:

| | | |
|---|---|---|
| Norman Rifkind | | David B. Johnson |
| Lasky & Rifkind, Ltd. | | Sidley Austin Brown & Wood |
| 351 W. Hubbard, Suite 406 | and | Bank One Plaza |
| Chicago, IL 60610 | | 10 S. Dearborn Street |
| | | Chicago, IL 60603 |
| | | Counsel for Defendants |

To be valid each objection must (a) state the caption of the case listed at page 1; (b) set forth the Class Member's full name, address, and telephone number; (c) provide documentation of membership in the Class as required for purposes of submitting a Proof of Claim (see <u>infra</u>); (d) state that the Class Member objects to the Settlement, in whole or in part, and/or to the attorneys' fee request, in whole or in part; (e) set forth a statement of the legal and factual basis for the objection, and (f) provide copies of any documents that the objector wishes to submit in support of the objection.

3

<u>Requests to Appear or Intervene</u>: You also have the right to appear at the final Hearing to be heard by the Court, or to seek to intervene in the case. Any Class Member who wishes to appear at the final Hearing, whether personally or through a lawyer, must file a notice of appearance with the Clerk of the Court, 219 S. Dearborn St., Chicago, IL 60604 on or before _____. The notice of appearance must be served on Class Counsel and on Defendants' counsel at the address set forth above. It is not necessary for you to appear at the Hearing. Any Class Member who wants to intervene in the lawsuit must file an appropriate motion to intervene, and all supporting pleadings, on or before _____. Any motion to intervene must also be served on Plaintiff's counsel and Defendants' counsel at the address above. Any Class Member who does not file objections in the time and manner described above is forever foreclosed from making any objection to such matters in the event the settlement is approved. Any Class Member who does not file and serve a notice of appearance will be prohibited from speaking at the final Hearing concerning the Settlement. Any Class Member who does not file a motion to intervene in the time and manner described above is forever foreclosed from seeking intervention in the lawsuit. Should you have any questions, please contact Norman Rifkind by phone at (312-634-0057).

## HOW TO MAKE A CLAIM

8. If you wish to take part in the Settlement, you will need to (a) complete the Claimant Information; (b) complete and sign the Release and Certification; and (c) mail them to the Settlement Administrator at the address above. If the Settlement is approved by the Court, after payment of Court awarded attorneys fees and expenses, eligible class members will receive their pro rata share of the balance of the net settlement fund in proportion of each class member's loss to the total losses suffered by eligible class members (up to 100% of the class member's recovery). In no event will class members receive more than their losses.

9. A purchase or sale of shares of the Hartmarx common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

10. Brokerage commissions paid by you in connection with your purchase and sale of shares of the Hartmarx common stock should <u>not</u> be included in computing the "total purchase price" and should be deducted in computing the "total sales price."

11. Photocopies of brokers' confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a brokers' confirmation slip or other documentation establishing your transactions in Hartmarx common stock *must be attached to your claim*. Failure to provide this documentation will result in the rejection of your claim. (THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM. IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER, OR PORTFOLIO MANAGER.)

4

12. All joint purchasers must sign this claim. If the person executing this Proof of Claim is acting in a representative capacity, his or her titles or capacities must be stated, and a certification of his or her current authority to act on behalf of the Class Member must be included with the Proof of Claim and Release. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

13. If you need additional space to complete the Schedules of Transactions, attach to the required information a separate schedule, in the same format, and print the Class Member's name and Social Security or Tax Identification Number at the top of each page.

## **EXHIBIT 2**

*In re Hartmarx Securities Litigation*

**Must be received by Settlement Administrator postmarked no later than _____, 2004.**

### **CLAIMANT IDENTIFICATION**

*Please Type or Print*

_____

List all Beneficial Owner's Names *(as it appears on your brokerage statement)*

_____

Street Address

| | |
|---|---|
| _____ | _____ _____ |
| City | State     Zip Code |

_____   **or**   _____
Social Security Number                              Taxpayer Identification Number

_____
Home Telephone Number

_____
Work Telephone Number

_____                  _____
Facsimile Number                                              E-Mail Address

_____

6

## SCHEDULE OF TRANSACTIONS
## HARTMARX COMMON STOCK

I/We made the following purchases or acquisitions of the Hartmarx common stock during the period from and including August 14, 2001 through and including October 1, 2001 *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Number of Shares Purchased | Price Per Share | Total Cost *(excluding commissions, taxes, and fees)* |
|---|---|---|---|
| ___/___/___ | _____ | $ _____ | $ _____ |
| ___/___/___ | _____ | $ _____ | $ _____ |
| ___/___/___ | _____ | $ _____ | $ _____ |
| ___/___/___ | _____ | $ _____ | $ _____ |

I/We made the following sales of the Hartmarx common stock during the period from and including August 14, 2001 through and including October 1, 2001 *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Number of Shares Purchased | Price Per Share | Total Proceeds *(excluding commissions, taxes, and fees)* |
|---|---|---|---|
| ___/___/___ | _____ | $ _____ | $ _____ |
| ___/___/___ | _____ | $ _____ | $ _____ |
| ___/___/___ | _____ | $ _____ | $ _____ |
| ___/___/___ | _____ | $ _____ | $ _____ |

At the close of business on October 1, 2001, I/we still owned _____ shares of the Hartmarx common stock *(must be documented)*.

7

## DOCUMENTATION AND VERIFICATION

I/We have enclosed photocopies of the brokers' confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a brokers' confirmation slip, or other documents evidencing each purchase, sale or retention of shares of Hartmarx common stock listed above in support of this claim.

By submitting this Proof of Claim, I/we state that I/we believe in good faith that I am/we are a Class Member, as defined in the Notice, or am/are acting for such person; that I am/we are not a Defendant in the Class Action or anyone excluded from the Class; I/we believe that I am/we are entitled to receive a share of the Net Class Settlement Fund; and that I/we elect to participate in the proposed Settlement described.

I/We understand that the information contained in this Proof of Claim and Release is subject to such verification as the Court may direct, and I/we agree to cooperate in any such verification.

By filing this Proof of Claim and Release, the undersigned(s), and any person or entity on whose behalf the undersigned(s) is/are acting, hereby submit to the jurisdiction of the United States District Court for the Northern District of Illinois in Case No.01-C-7832.

## RELEASE

The Definitions set forth in the Stipulation and in the Notice are incorporated in and applicable to this Release.

The effective scope of this Release will be determined by the nature of the final approval by the Court of the Settlement. If the Settlement is finally approved by the Court, and that approval is either not appealed or is sustained upon any appeal, this Release will run in favor of Defendants.

I/We, on behalf of myself/ourselves, my/our executors, administrators, representatives, agents, attorneys, successors, heirs and/or assigns, and all persons I/we represent, in my/our individual capacity, my/our capacity as purchaser(s) of shares in Hartmarx common stock and any and all corporate, representative, or other capacities, for and in consideration of the Settlement and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, hereby acknowledge full and complete satisfaction of all Settled Class Claims, as defined in the Stipulation of Settlement, and do hereby fully, finally, and forever release, discharge, and relinquish Settling Defendants from any claims, actions, causes of action, rights, or liabilities arising out of, based upon, or otherwise related to the Settled Class Claims.

By executing and submitting this Proof of Claim and Release, Claimant(s) warrants that he, she, it or they has/have not assigned, transferred, or purported to assign or transfer any such claims released above or any portion of such claims.

8

## **CERTIFICATION AND SIGNATURE**

I/We certify that I am/we are <u>NOT</u> subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

<u>NOTE</u>: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the word "NOT" in the certification above.

I/We have read the foregoing Proof of Claim and Release and certify that all of the information contained herein, and in the supporting documents attached hereto, is true, correct and complete to the best of my/our knowledge, information and belief, and that this form was freely executed on the _____ day of _____, 2004 in _____,
_____.
(State/Country)                                                                                          (City)

_____
Signature of Claimant

_____
(Print your name here)

_____
Signature of Joint Claimant, if any

_____
(Print your name here)

CHI 2990234v2

9